FRANTL INDUSTRIES, INC., Appellant, V. MAIER
CONSTRUCTION, INC., Respondent.*

*No. 399. Submitted under sec. (Rule) 251.54 April 10, 1975.—*
*Decided June 3, 1975.*
(Also reported in 229 N. W. 2d 610.)

---

* Motion for rehearing denied, with costs, on September 30, 1975.

For the appellant the cause was submitted on the briefs of *Willis J. Zick* of Waukesha.

For the respondent the cause was submitted on the brief of *Richard D. Finley* of Milwaukee.

HEFFERNAN, J.  On December 28, 1971, Frantl Industries, Inc., entered into a contract with Maier Construction, Inc., to perform work and furnish materials for the interior of a steam-heated drying kiln at a plant of the American Concrete Pipe Company.  After the work was completed, the paint used bubbled off and it was necessary for Maier to recontract to have the work done by another.  Nevertheless, on May 10, 1972, Frantl Industries commenced an action against Maier Construction, Inc., for payment in the sum of $5,516 for the work done pursuant to the contract dated December 28, 1971.  It also sued Maier on an oral contract by which Maier agreed to pay Frantl $400 for removal of the of the urethane lining of the kiln, which deteriorated after the paint softened and bubbled away.

The case was tried to the court, and the trial judge found that Frantl was entitled to $1,380, the cost of a steel ceiling which Frantl had properly installed in the kiln.  He concluded, however, that Frantl could not recover on the written contract of December 28, 1971, because it had failed to comply with a provision of that contract that the materials must withstand live steam to the temperature of 250 degrees, a provision not written into the contract, but which the judge concluded was omitted by mutual mistake.  Thus, the trial judge reformed the contract to include the specification in regard to the ability of the materials to withstand heat.  As the contract was reformed, he found that the plaintiff had breached the contract and therefore was not entitled to recover.

From an examination of the record, we conclude that there is no evidence that the parties intended to include

in the written contract a specification or warranty that the paint withstand steam heat to a temperature of 250 degrees. There was no evidence that the failure to include that provision was due to a mutual mistake of the parties. Under accepted rules of law, the facts shown were not sufficient to warrant reformation.

We accordingly conclude that the contract was performed, and the plaintiff is entitled to recover the contract price.

In examining the record, we find that Frantl had previously, and only a short time before, attempted to do the work on the steam-heated drying kiln for the American Concrete Pipe Company, but the paint then used ignited and American Concrete was obliged to have the work done over. This prior contract is of importance only to the extent that it furnishes evidence that Frantl knew that the materials used in the interior of the kiln would be subjected to live steam.

The defendant contends that the undisputed facts found by the trial judge are sufficient to authorize the reformation of the contract and, as reformed, the plaintiff failed to fulfil its obligation. The facts which the defendant considers controlling are these: (1) The parties entered into a written contract on December 28, 1971; (2) at the time the contract was made, both parties knew that the materials used must withstand steam to 250 degrees Fahrenheit; (3) that specification, in regard to temperature, was not written into the contract; and (4) the materials used did not withstand 250 degrees Fahrenheit steam and dissolved upon the first use of the kiln.

The defendant argues that, by the proof of these facts, its defense and counterclaim under the reformed contract was satisfied. We think not. Three elements must be proved by clear, satisfactory, and convincing evidence to make possible the substitution of a reformed contract for the written contract entered into by the parties.

Those elements are: (1) The parties reached an agreement; (2) the parties intended that such an agreement be included in the written expression of agreement; and (3) the oral agreement was not included in the written expression because of the mutual mistake of the parties.

Under this accepted test, the mere fact that in the instant case both parties knew that the materials must withstand steam to a temperature of 250 degrees is not synonymous with the statement that the parties agreed to that provision or that they agreed that such provision should be included in the written contract. Nor are those facts probative that mutual mistake was the reason for not including that agreement in the written contract.

The trial judge's findings of fact parallel the statement of undisputed facts, which the defendant contends are controlling. However, as the plaintiff points out, the question is not whether those facts are supported by the evidence but whether those facts are sufficient to mandate a reformation of the contract. Conceding that the facts found by the trial judge are supported by the evidence, they are, nonetheless, insufficient. Moreover, from an examination of the record we conclude that the facts proved were insufficient to support findings that would mandate reformation.

The rule in respect to reformation of written contracts was succinctly stated in *Ahnapee & Western Ry. Co. v. Challoner* (1967), 34 Wis. 2d 134, 137, 148 N. W. 2d 646:

"An insurance policy like any other contract may be reformed because of mutual mistake when the policy does not contain the provisions intended by the parties to be included. But, the contract must be reformed to conform to some oral agreement or understanding which the written document was intended to express. . . . The quantum of proof necessary to show that through inadvertence, accident, or mutual mistake the contract of insurance does not fully or correctly set forth the inten-

tion of the parties is the so-called middle burden of proof —clear, satisfactory and convincing evidence."

*Touchett v. E Z Paintr Corp.* (1953), 263 Wis. 626, 630, 58 N. W. 2d 448, 59 N. W. 2d 433, also stated the circumstances under which a court was permitted to reform a written contract:

" 'The rule may be stated briefly that reformation cannot be allowed except upon the most positive and satisfactory evidence showing either fraud or mistake in committing an agreement to writing; that is, that there is either mutual mistake or mistake on the part of one party and fraud on the part of the other. The proof must be clear, plain, convincing, and beyond reasonable controversy that by fraud or mistake the true contract was not presented in writing. . . . There is a further rule of law that the court will not insert a provision in a contract which was omitted with the consent of the parties asking for reformation, although such consent was given in reliance on an oral promise of the other party that the omission would not make any difference. A further elementary rule of law is that a court, even in an equitable action seeking reformation, cannot make for the parties a contract upon which there has been no meeting of the minds, or make for the parties a contract covering elements which have been entirely overlooked by the parties themselves. Such omissions may result in misunderstandings or disagreements between the parties, and they may be the source of eventual lawsuits, regretful as such consequences may seem. However, such differences are to be resolved in an action at law and not in an action in equity seeking reformation.' "

The Wisconsin cases are in accord with the rationale of the right of reformation appearing in Restatement, 2 *Contracts,* p. 969, sec. 504, Comment *c:*

"The province of the remedial right of reformation is to make a writing express the bargain which the parties desired to put in writing. Agreements of which they did not desire written expression will not be ordered put into writing by decree of the court. Therefore, if parties

intend that their agreement shall be oral and it is unenforceable for the reason that it is not in writing, the court cannot order that a writing shall be executed even though the parties erroneously supposed that their oral bargain was legally valid. Similarly, if the parties to a written instrument understand that part of their agreement has been omitted from the writing and rely on oral agreement with one another to vary or to add in certain respects to the written agreement, whether they rely on moral duty or believe that such a variation or addition is legally valid, the writing cannot be reformed by the insertion of the oral agreement. Still more clearly if, because of mistake as to an antecedent or existing situation, the parties make a written instrument which they might not have made, except for the mistake, the court cannot reform the writing into one which it thinks they would have made, but in fact never agreed to make."

*See also:* Tentative Draft No. 10 (April 18, 1975), Restatement 2d, *Contracts,* p. 48, sec. 297.

These accepted rules make it clear that the omission from the contract must be of an agreement which both parties intended to put into writing but failed to reduce to writing only because of mutual mistake.[1] Accordingly, in this case, the evidence necessary to support the judgment must show not merely that Frantl knew that the materials must withstand live steam heat to·a temperature of 250 degrees, but that Frantl intended to agree in writing that it guaranteed and warranted that the materials used would withstand that heat. This proof, even inferentially, is lacking.

There is no testimony that Frantl or any of its agents ever stated that it would agree in writing to warrant the materials. In fact, there was testimony that George Frantl, in response to a proposed contract submitted by Ayers, the agent for Maier, told Ayers that under no circumstances would Frantl Industries guarantee the job.

---

[1] The rules concerning reformation because of fraud are not pertinent in this case.

George Frantl testified that he told Ayers a number of times that he refused to guarantee or warrant anything. There was testimony that Frantl advised Ayers that any reliance would have to be upon the manufacturer's warranty. Ayers, on the other hand, testified that Frantl stated that the paint would be flameproof and withstand high-temperature steam.

Even if the statement by Ayers is believed, there is no evidence that Frantl ever desired or expressed an intent to put that warranty into writing. It would be contrary to the great weight and clear preponderance of the evidence to find that the specification in respect to the ability of the paint to withstand high-temperature steam was omitted from the contract by mistake. On the contrary, it appears that it was the intention of Frantl to exclude any guarantee of a kind that Maier now seeks to rely on.

Ayers argues that, as an agent for Maier, when he wrote the contract he did not incorporate a warranty of the paint because it had been tacitly or orally understood that it was a provision fundamental to the contract. Under that rationale, Maier was relying on an oral agreement to reform the contract. Such reliance is misplaced.

In *Brosnihan v. Brosnihan* (1923), 180 Wis. 360, 366, 193 N. W. 74, this court said:

" 'When there is no fraud or mistake in the preparation of an instrument, and it appears that the parties signing understood its language and purport, it cannot be reformed on the faith of a contemporaneous oral promise which was not kept.' "

It should also be pointed out that this rationale of Ayers—that he omitted the warranty from the contract because it had been agreed upon orally—is inconsistent with the argument that the provision was omitted by mistake. The argument by Maier in this respect boils

down to the proposition that Maier intentionally omitted the warranty because it was relying, not on the written agreement, but on an oral representation. That is not a ground for reformation of the written instrument.

The reformation of the contract of December 28, 1971, was the only defense raised by Maier to deny plaintiff's recovery on that contract. Since Maier has not discharged its burden to prove by clear and convincing evidence facts warranting the reformation of the contract, the plaintiff is entitled to judgment for the contract amount.

*By the Court.*—Judgment reversed, and cause remanded for the entry of a judgment for the plaintiff in the amount prayed for in the plaintiff's complaint.