VALLEY BANK, f/k/a Colonial State Bank, n/k/a M & I Bank, Plaintiff-Respondent,

v.

David V. JENNINGS III, Defendant-Appellant,

Anne F. JENNINGS, his wife, M & I Marshall & Ilsley Bank, f/k/a/ Heritage Bank, Biltmore Investors Bank, David V. Jennings, Jr., and Margaret Jennings (to the extent of her interest in the marital property with David V. Jennings, Jr.), Mary Johnston Jennings, Milwaukee Cheese Wisconsin, Inc., and Sheboygan Sausage, Inc., Defendants.

Court of Appeals

No. 94–3197. Submitted on briefs November 3, 1995.—Decided December 27, 1995.

(Also reported in 544 N.W.2d 243.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of David V. Jennings III, pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Harvey Jay Goldstein* and

■■■

*Michael S. Maistelman* of *Law Office of Harvey J. Gold-stein S.C.* of Milwaukee.

Before Anderson, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J. David V. Jennings III appeals pro se from a summary judgment of foreclosure granted to Valley Bank on his homestead located in Ozaukee County. On appeal, Jennings argues that the summary judgment record does not support the reduction of the redemption period from twelve to six months pursuant to § 846.101, STATS. Jennings also contends the homestead was part of a larger mortgaged parcel such that the nonhomestead portion of the parcel should have first been foreclosed.

We reject Jennings's argument that the bank was not entitled to separately foreclose against the homestead. However, we agree with Jennings's further argument that the summary judgment record does not establish that the homestead parcel is twenty acres or less as required by § 846.101(1), STATS., such that the period of redemption could be reduced from twelve to six months. We accordingly reverse that portion of the summary judgment which reduces the period of redemption from twelve to six months.

## BACKGROUND

On July 15, 1980, Jennings and his wife, Anne, executed a promissory note to the bank in the amount of $130,000. To secure the obligation, the Jenningses executed a mortgage to the bank the same day. Thereafter, the mortgage note secured by the homestead was periodically renewed by the bank and partially reduced by payments made by the Jenningses. On September 1, 1990, the bank and the Jenningses agreed to again

renew the note, and the Jenningses executed a new note in the amount of $113,248.55. This new note was secured by the original mortgage.

During this same time, the Jenningses owned a contiguous parcel of farmland which was the subject of a separate note and mortgage.

Subsequently, the Jenningses defaulted on the renewed homestead mortgage note of September 1, 1990. As a result, the bank commenced this foreclosure action against the homestead property in August 1993. The bank also brought a separate action to foreclose on the adjoining farm property. That farm foreclosure was pending at the time this appeal was taken, and the merits of that action are not directly before us.

Jennings is a former lawyer who has been disbarred. Although the record is sparse on details, it appears that Jennings has been convicted of criminal activity relating to the grounds for his disbarment. At all times during the pendency of this action, Jennings has been incarcerated. As noted, he appeared pro se in these proceedings.

In its initial pleadings, the bank sought a deficiency judgment against the Jenningses. However, in its third amended complaint, the bank elected to foreclose pursuant to § 846.101, STATS., thereby waiving judgment for any deficiency due the bank after the sale of the property.[1] The bank then moved for summary judgment of foreclosure with a reduced six-month period of redemption pursuant to § 846.101.

Jennings objected to the bank's motion for summary judgment. His affidavit in opposition to the bank's motion averred, inter alia, that the homestead

---

[1] Jennings objected to the bank's application for leave to file a third amended complaint. The trial court rejected Jennings's objection. That ruling is not before us.

parcel was part of the contiguous farm parcel and that the size of the homestead parcel did not permit a reduction in the period of redemption. His accompanying memorandum contended that material issues of fact existed as to whether the bank was entitled to foreclose separately against the homestead pursuant to § 846.11, STATS., and whether the size of the homestead parcel permitted a reduction in the period of redemption pursuant to § 846.101, STATS.

On May 6, 1994, the trial court held a hearing on the bank's summary judgment motion. Jennings's wife, Anne, personally appeared, as did certain others who had an actual or potential interest in the property. Jennings did not personally appear due to his incarceration. Nor had he requested to appear telephonically.

At the hearing, counsel for the bank addressed Jennings's objections. Counsel stated that the homestead foreclosure proceedings were separate and distinct from the other pending foreclosure action against the adjoining nonhomestead parcel. Regarding the reduction of the redemption period, counsel stated that Jennings was merely restating an argument he had previously made in opposition to the bank's motion for leave to file its third amended complaint. The court adopted the bank's arguments and granted the judgment of foreclosure with the reduced period of redemption. Jennings appeals.

## DISCUSSION

Jennings first argues that the summary judgment record does not establish a basis upon which the trial court could order a reduction in the period of redemption from twelve to six months.

Under § 846.10(2), STATS., if the mortgagee seeks a deficiency judgment following a foreclosure sale, the

mortgagor is entitled to a twelve-month redemption period. However, § 846.101(1), STATS., provides the following exception to that general rule:

> **Foreclosure without deficiency; 20-acre parcels. (1)** If the mortgagor has agreed in writing at the time of the execution of the mortgage to the provisions of this section, and the foreclosure action involves a one- to 4-family residence that is owner-occupied at the commencement of the action . . ., the plaintiff in a foreclosure action of a mortgage on real estate of 20 acres or less . . . may elect . . . to waive judgment for any deficiency which may remain due to the plaintiff after sale of the mortgaged premises
> . . . .

If the mortgagee elects to waive any judgment for deficiencies which may exist after the sale of the mortgaged premises, the redemption period may be shortened from twelve to six months. *See* § 846.101(2); *Glover v. Marine Bank,* 117 Wis. 2d 684, 688, 345 N.W.2d 449, 451 (1984). By its third amended complaint, the bank sought this avenue of relief and then moved for summary judgment of foreclosure without deficiency judgment pursuant to § 846.101(1).

Summary judgment is governed by § 802.08, STATS., and must be followed by both the appellate court and the trial court. *State Bank v. Elsen,* 128 Wis. 2d 508, 511, 383 N.W.2d 916, 917 (Ct. App. 1986). Under this methodology, if the complaint states a claim and the pleadings show the existence of factual issues, the court next examines the moving party's affidavits or other evidence for evidentiary facts admissible in evidence or other proof to determine whether the party has made a prima facie case for summary judgment. *Id.*

862

██

To make a prima facie case for a summary judgment to shorten the redemption period under § 846.101(1), STATS., the mortgagee must demonstrate that the following four conditions are satisfied: (1) the mortgagor agreed to the provisions of § 846.101 at the time of execution, (2) the property is a one- to four-family residence, (3) the property is owner-occupied when the action is commenced, and (4) the property is twenty acres or less.

The summary judgment record raises no issues of material fact on three of the four requirements to be satisfied under § 846.101(1), STATS. It is undisputed that the property is a single-family residence, and in the 1980 mortgage, David and Anne agreed to the provisions of § 846.101 in the event of the property's foreclosure. Further, the residence was owner-occupied at the time of the foreclosure proceeding. Although David was incarcerated, Anne and her son were still living there.

██

However, based on our examination of the summary judgment record, we conclude that the bank has not established prima facie fact that the property to be foreclosed was twenty acres or less. In support of its motion for summary judgment, the bank supplied an affidavit from its assistant vice-president of mortgage collections. This affidavit, including the appended exhibits, is silent about the number of acres of the property.[2] Therefore, there was no evidence or other proof to support a prima facie case for summary judg-

[2] The bank record cites to its complaint in support of its claim that the parcel was twenty acres or less. However, a pleading is not evidence in a summary judgment proceeding. See § 802.08(3), STATS.

ment foreclosure under a six-month period of redemption. *See Elsen,* 128 Wis. 2d at 511, 383 N.W.2d at 917. The party moving for summary judgment has the burden of demonstrating the absence of a factual issue. *Id.* at 512, 383 N.W.2d at 918. The bank failed to meet that burden.[3]

We next address Jennings's argument that the homestead and the adjoining farmland are "so interre-

---

[3] We acknowledge that Jennings's affidavit, while raising a question concerning the size of the parcel, does not expressly allege its size. However, the bank—not Jennings—sought summary judgment. It was not Jennings's burden to prove the size of the parcel. Rather, it was the bank's burden, as the moving party, to make out a prima facie case supporting the allegations of its complaint which alleged that the parcel was three acres or less. The failure of the opponent to submit counter-affidavits does not, of itself, entitle the movant to summary judgment. *Jones v. Sears Roebuck & Co.*, 80 Wis. 2d 321, 326, 259 N.W.2d 70, 72 (1977).

We also observe that the trial court did not expressly address this issue in its ruling. We suspect this is so because Jennings did not attend the hearing or participate by telephone and because the bank did not highlight this portion of Jennings's objection when it summarized Jennings's objections to the bank's motion for summary judgment. The bank represented that Jennings's objection to the reduction in the period of redemption was simply a restatement of his objections to the bank's request for leave to file its third amended complaint. While it is true that Jennings's arguments against both motions were largely the same, the bank's summary of Jennings's objections overlooked that the test for leave to file an amended complaint is markedly different from the test for granting summary judgment. Thus, assuming that the trial court properly rejected Jennings's arguments against the bank's third amended complaint, it does not follow that those same arguments would fail as against the bank's motion for summary judgment.

lated that they should not be foreclosed separately," despite two discrete mortgages. We presume from this appellate argument that Jennings seeks the protection of § 846.11, STATS. That statute provides:

> **Homestead, how sold.** If any defendant appear and answer that any portion of the mortgaged premises is an exempt homestead the court shall ascertain whether such be the fact, and if so whether the part of the mortgaged premises not included in the exempt homestead can be sold separately therefrom without injury to the interests of the parties, and in that case shall direct in the judgment that *the exempt homestead shall not be sold until all the other mortgaged lands have been sold.* [Emphasis added.]

We reject Jennings's argument because his affidavit in opposition to the bank's summary judgment motion expressly conceded that "[t]he two mortgages do not contain cross-collateralization provisions and there is no basis to consolidate these two actions at this time." This averment belies Jennings's argument that the bank was obligated to first seek foreclosure only against the nonhomestead property.

By its very terms, § 846.11, STATS., contemplates that the homestead constitutes a portion of the "mortgaged premises." "This statute gives the option to the mortgagor to insist that, *where a mortgage covers both homestead and nonhomestead property*, the nonhomestead property be sold first." *Anchor Sav. & Loan Ass'n v. Week*, 62 Wis. 2d 169, 175, 213 N.W.2d 737, 739 (1974) (emphasis added) (interpreting the predecessor statute, § 278.11, STATS., 1971). Thus, the statute envisions a situation in which the mortgage being foreclosed covers both homestead and nonhomestead property.

██

Jennings concedes that the property covered by the mortgage which the bank seeks to foreclose in this case constitutes only his homestead. He makes no claim that any portion of the property covered by the instant mortgage constitutes nonhomestead property. Instead, Jennings attempts to stretch the statute to cover a situation in which the debtor has executed a mortgage on separate and discrete property for a separate and discrete debt. *Anchor Savings & Loan* explains that the statute does not cover that kind of situation. *See id.* We therefore hold that the bank is entitled to pursue this foreclosure action.

CONCLUSION

Because there is no evidence in the summary judgment record showing that the property to be foreclosed was twenty acres or less, we reverse the trial court's ruling that the period of redemption be reduced from twelve to six months. We affirm all other portions of the summary judgment. We remand for further proceedings.[4]

No costs to either party.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded.

------

[4] We stress that the only portion of the summary judgment which we reverse is the reduction of the period of redemption. On remand, the bank may accept our ruling which functionally fixes a twelve-month period of redemption. In the alternative, the bank may seek trial court leave to reopen the summary judgment proceedings to supply this missing element of proof if it exists.