**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued November 3, 2010
Decided February 14, 2011

#### Before

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

REBECCA R. PALLMEYER, *District Judge*[1]

No. 09-3578

KAY BEER DISTRIBUTING, INC.,
    *Plaintiff-Appellant*,

*v.*

ENERGY BRANDS, INC., and
THE AMERICAN BOTTLING COMPANY,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Eastern District of Wisconsin.

No. 07-C-1068
William C. Griesbach, *Judge*.

#### Order

    Between 2002 and 2007, Kay Beer Distributing handled the Glacéau line of "enhanced water" products (vitaminwater, fruitwater, and smartwater) in some counties of Wisconsin. Kay Beer originally purchased the products from Energy Brands, their manufacturer. In 2005 Cadbury Schweppes Bottling Group (which has since merged into The American Bottling Group) became the exclusive Glacéau distributor in Wisconsin. Kay Beer then purchased the products from Cadbury for resale. Two years later, Coca-Cola Corp. acquired a controlling interest in Energy Brands and decided to distribute Glacéau products through its own network, which does not include Kay Beer.

---

[1] Of the Northern District of Illinois, sitting by designation.

This suit under the diversity jurisdiction followed. Kay Beer contends that Energy Brands broke its distributorship contract and violated the Wisconsin Fair Dealership Law, Wis. Stat. Ch. 135; it also maintains that Cadbury should disgorge what it describes as unjust enrichment (Coca Cola bought out Cadbury's distributorship, and Cadbury did not share any of the proceeds with Kay Beer). Defendants denied these contentions and pleaded an affirmative defense: that in 2005 Kay Beer had released all claims based on any distributorship contract. The district court's first opinion granted summary judgment in defendants' favor on all claims except breach of contract. 2009 U.S. Dist. Lexis 17733 (E.D. Wis. Feb. 20, 2009). That claim was set for trial. Before the trial was held, the judge narrowed the issues by concluding that the 2005 release extinguished Kay Beer's claims based on the distributorship realignment that year. 2009 U.S. Dist. Lexis 92519 (E.D. Wis. Oct. 5, 2009). Trial then began but did not reach the jury; the judge granted Energy Brands' motion for judgment as a matter of law under Fed. R. Civ. P. 50, ruling that Kay Beer had not produced any evidence of an oral contract. Its witnesses testified to their "understanding" of events, but not to exchanges of promises that could form a contract or delineate its terms.

We affirm for substantially the reasons given by the district court. On appeal, Kay Beer does not identify any concrete promises by Energy Brands that could form a distributorship contract for a term of years (or, as Kay Beer contends, a contract that was to last as long as the distributor used its "best efforts" to sell Glacéau products). A contract that lacks a duration clause may be ended at will. *Flores v. Raz*, 250 Wis. 2d 306, 640 N.W.2d 159 (Wis. App. 2002). One side's "understanding" is no substitute for a specific promise. Contracts in Wisconsin depend on the words exchanged between the parties, not on one side's hopes, beliefs, or understandings. See *Frantl Industries, Inc. v. Maier Construction, Inc.*, 68 Wis. 2d 590, 229 N.W.2d 610 (1975); *Skycom Corp. v. Telstar Corp.*, 813 F.2d 810 (7th Cir. 1987) (Wisconsin law). The conclusion that Kay Beer and Energy Brands never formed a distributorship contract makes it unnecessary to discuss the effect of the 2005 release. It also knocks out the unjust-enrichment claim against Cadbury: the end of the distributorship did not affect any of Kay Beer's legal rights, so there was no need for compensation from either Energy Brands or Cadbury.

As for the Wisconsin dealership statute: Glacéau products never accounted for more than 3% of Kay Beer's sales or profits. Kay Beer did not make any investments specific to Glacéau. The district court therefore correctly concluded that the "community of interest" required for application of the state statute, see *Ziegler Co. v. Rexnord, Inc.*, 139 Wis. 2d 593, 605, 407 N.W.2d 873, 879 (Wis. 1987), did not come into being. Kay Beer maintains that the "community of interest" question can never be resolved by summary judgment, but that contention rests on a belief that state law controls procedural issues in federal litigation. It doesn't; the allocation of tasks between judge and jury is a matter of forum law. See *Mayer v. Gary Partners & Co.*, 29 F.3d 330 (7th Cir. 1994). (This makes it unnecessary to decide whether Wisconsin's courts would have submitted the issue to a jury.) Kay Beer's remaining arguments do not require discussion.

Affirmed