Wendy S. DeHart and Gary C. DeHart,
Plaintiffs-Appellants,

v.

Wisconsin Mutual Insurance Company,
Defendant-Respondent,†

Medical Benefits Administrators,
Subrogated Defendant.

Court of Appeals

*No. 2005AP2962–FT. Submitted on briefs March 13, 2006.*
*—Decided May 23, 2006.*

2006 WI App 129

(Also reported in 719 N.W.2d 518.)

† Petition to review granted 9-21-06.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Christine Bremer-Muggli* and *Lance Trollop* of *The Law Office of Christine Bremer & Associates, S.C.*, Wausau.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Randall Skiles*, Madison.

388

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.[1] Wendy and Gary DeHart appeal a summary judgment concluding their Wisconsin Mutual Insurance Company automobile policy did not provide uninsured motorist coverage for Wendy's accident. They argue that the unidentified motor vehicle that struck another vehicle and forced Wendy's vehicle off the road is an "unidentified motor vehicle involved in a hit-and-run accident," pursuant to WIS. STAT. § 632.32(4)(a)2.b., and therefore the statute mandates coverage. We agree, reverse the judgment and remand for further proceedings.

## BACKGROUND

¶ 2. On December 6, 2000, Wendy was involved in an automobile accident on a two-lane road. Wendy's vehicle was following vehicles driven by Donna Brewer and Charlotte Ellwitz. An unidentified vehicle traveling in the opposite direction crossed the center line and traveled toward Brewer's vehicle. The DeHarts contend the unidentified vehicle struck Brewer's vehicle; Wisconsin Mutual asserts it did not. The unidentified vehicle continued in the oncoming traffic toward Ellwitz's vehicle, causing her to pull over and nearly stop, and toward Wendy's vehicle, forcing her off the roadway. The unidentified vehicle left the scene.

¶ 3. The DeHarts commenced this case against their insurer, Wisconsin Mutual, seeking uninsured motorist benefits for the damage caused by the unidentified vehicle. Wisconsin Mutual moved for summary

---

[1] This is an expedited appeal under WIS. STAT. RULE 809.17. All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

judgment, contending there was no coverage. It acknowledged that there were competing facts regarding how the accident transpired but contended that, because it was uncontested that no vehicle struck the DeHart vehicle, there was no coverage. The circuit court granted summary judgment in Wisconsin Mutual's favor.

## STANDARD OF REVIEW

¶ 4. We review a summary judgment independently, using the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2). We view the facts in the light most favorable to the nonmoving party. *State Bank of La Crosse v. Elsen*, 128 Wis. 2d 508, 511–12, 383 N.W.2d 916 (Ct. App. 1986). The only issue on appeal also involves the interpretation of a statute, which presents a question of law that we review independently. *Smith v. General Cas. Ins. Co.*, 2000 WI 127, ¶ 7, 239 Wis. 2d 646, 619 N.W.2d 882.

## DISCUSSION

¶ 5. Wisconsin Stat. § 632.32(4)(a) mandates that motor vehicle insurance policies include uninsured motorist coverage. The statute defines uninsured motor vehicle to include "[a]n unidentified motor vehicle involved in a hit-and-run accident." Wis. Stat. § 632.32(4)(a)2.b. Wisconsin courts have consistently

concluded the term "hit-and-run" is unambiguous and includes a physical contact element. *See, e.g., Progressive N. Ins. Co. v. Romanshek*, 2005 WI 67, ¶ 31, 281 Wis. 2d 300, 697 N.W.2d 417. Thus, the statute does not mandate coverage for miss-and-run accidents, where an unidentified vehicle does not make contact with another vehicle.

■■■■

¶ 6.    The parties here disagree whether the facts satisfy the physical contact element for uninsured motorist coverage under WIS. STAT. § 632.32(4)(a)2.b.[2] Wisconsin Mutual contends the physical contact must be with the insured vehicle, relying primarily on *Romanshek*. It argues that because it is uncontested that there was no contact with the DeHart vehicle, the physical contact requirement is not satisfied. The DeHarts, on the other hand, argue that the statute's physical contact element can be satisfied by contact between the unidentified vehicle and Brewer's vehicle, relying primarily on *Smith*. Whether contact occurred between the uniden-

---

[2] Wisconsin Mutual spends portions of its brief essentially arguing that the DeHarts cannot prove that contact occurred between the Brewer vehicle and the unidentified vehicle. However, on summary judgment we do not resolve questions of fact, merely determine whether a factual issue exists. *State Bank of La Crosse v. Elsen*, 128 Wis. 2d 508, 511–12, 383 N.W.2d 916 (Ct. App. 1986).

Wisconsin Mutual also argues the insurance policy's physical contact requirement is not satisfied by the contact as alleged by the DeHarts. However, the DeHarts' only argument is that coverage is mandated by statute. Where WIS. STAT. § 632.32 requires coverage, we need not examine the insurance policy. *See Theis v. Midwest Sec. Ins. Co.*, 2000 WI 15, ¶ 10, 232 Wis. 2d 749, 606 N.W.2d 162. Therefore, Wisconsin Mutual's contractual arguments are unpersuasive.

tified vehicle and Brewer's vehicle is therefore a disputed issue of material fact that makes summary judgment inappropriate.

¶ 7. *Romanshek* reaffirmed Wisconsin's "long line of precedent requiring physical contact in an accident involving an unknown vehicle in order for there to be a 'hit-and-run' " under WIS. STAT. § 632.32(4)(a)2.b. *Romanshek*, 281 Wis. 2d 300, ¶ 1. *Romanshek* involved a two-vehicle accident in which there was no contact between the unidentified vehicle and the insured vehicle. *Id.*, ¶ 3. The insured, Romanshek, argued Wisconsin's physical contact requirement had been eroded to the point of being meaningless and should be eliminated. Romanshek urged the court to adopt other jurisdictions' interpretation that a hit-and-run did not require physical contact.

¶ 8. The *Romanshek* court undertook an exhaustive review of prior decisions and concluded the physical contact requirement had not been eroded. *Id.*, ¶¶ 35, 39. The court declined to adopt other jurisdictions' interpretation of "hit-and-run," in part because those other jurisdictions impose different duties upon motorists to stop and render aid. Other jurisdictions require a motorist to stop when involved in an accident, whereas Wisconsin's duty, articulated in WIS. STAT. § 346.67, requires a motorist to stop upon striking a vehicle. *See id.*, ¶ 49 (citing *Hayne v. Progressive N. Ins. Co.*, 115 Wis. 2d 68, 75, 339 N.W.2d 588 (1983)). Section 346.67's reference to striking supports an interpretation of "hit-and-run" in WIS. STAT. § 632.32(4)(a)2.b. that includes physical contact.

¶ 9. Because there was no contact and because the court concluded physical contact was required for a "hit-and-run," *Romanshek* held there was no statutorily-mandated uninsured motorist coverage.

However, *Romanshek* involved a two-car accident, where any contact that occurred would necessarily be between the insured vehicle and the unidentified vehicle. Thus, the *Romanshek* court did not analyze whether physical contact must be with the insured vehicle, and Wisconsin Mutual's reliance on *Romanshek* for the proposition that a hit-and-run requires contact with the insured vehicle is misplaced.

¶ 10.    The accident in *Smith* was a chain reaction collision involving three vehicles traveling parallel to each other on a three-lane highway. *Smith*, 239 Wis. 2d 646, ¶ 2. The unidentified vehicle was traveling in the left lane, swerved into the center lane, and struck a vehicle traveling in the center lane. The vehicle in the center lane then struck the vehicle driven by the insured, Smith, who was traveling in the right lane. *Id.*, ¶ 3.

¶ 11.    The issue in *Smith* was whether the physical contact element was satisfied when there was no contact between the unidentified vehicle and the insured vehicle. The *Smith* court noted that Wis. Stat. § 632.32(4)(a)2.b. defined uninsured vehicle to include an unidentified vehicle "involved in a hit and run accident." *Id.*, ¶ 12. The court reasoned:

> The use of the word "involved" does not strike us as a word that should be narrowly applied only to a hit-and-run accident involving a direct hit to the insured vehicle. Here, the unidentified vehicle was clearly "involved":  it precipitated the accident through contact with the intermediate vehicle.

*Id.* The court concluded § 632.32(4) mandated coverage, despite the absence of contact between the unidentified vehicle and the insured vehicle. *Id.*, ¶ 13.

¶ 12. Wisconsin Mutual argues *Smith* is distinguishable. It contends the holding hinged on there being two collisions: one between the unidentified vehicle and the intermediate vehicle and a second collision between the intermediate vehicle and the insured vehicle. Therefore, Wisconsin Mutual argues, there was physical contact with the insured vehicle and nothing in *Smith* eliminates that requirement.

¶ 13. We agree that *Smith* is not precisely on point with the facts as alleged by the DeHarts, but its reasoning is nonetheless instructive. Wisconsin Mutual's arguments distinguishing *Smith* depend on its assertion that WIS. STAT. § 632.32(4)(a)2.b. requires physical contact *with the insured vehicle*. However, § 632.32(4)(a)2.b. mandates coverage for "[a]n unidentified motor vehicle involved in a hit-and-run accident." As the *Smith* court explained, "[a] hit-and-run occurs when three elements are satisfied: (1) there is an unidentified motor vehicle; (2) *the unidentified vehicle is involved in a hit;* and (3) the unidentified motor vehicle 'runs' from the scene of the accident." *Smith,* 239 Wis. 2d 646, ¶ 10 (emphasis added). The focus of the physical contact requirement is not the insured vehicle, as Wisconsin Mutual argues. Rather the language of the statute and the reasoning of *Smith* focus on contact by the unidentified vehicle. *Cf. Wegner v. Heritage Mut. Ins. Co.*, 173 Wis. 2d 118, 127, 496 N.W.2d 140 (Ct. App. 1992) (no statutory uninsured coverage where contact between intermediate vehicle and insured but no contact between unidentified vehicle and any other vehicle).

¶ 14. The DeHarts allege there was contact between the unidentified vehicle and the Brewer vehicle. If so, the three elements of a hit-and-run are met: (1) there was an unidentified vehicle; (2) the unidenti-

fied vehicle was involved in a hit with the Brewer vehicle; and (3) the unidentified vehicle ran from the scene of the accident. Accordingly, the physical contact requirement can be satisfied by a hit between the unidentified vehicle and the Brewer vehicle.

¶ 15. The DeHarts argue, and we agree, that reading Wis. Stat. § 632.32(4)(a)2.b. to mandate coverage where the unidentified vehicle made contact with the Brewer vehicle is also supported by the public policy factors considered by the *Smith* court. One public policy factor is preventing fraud. *Smith*, 239 Wis. 2d 646, ¶ 25. The physical contact requirement prevents an insured from making a fraudulent claim for uninsured motorist coverage by alleging an accident of the insured's own making was caused by an unidentified vehicle that fled the scene. *Id.* Wisconsin Mutual frames this public policy factor as avoiding turning run-of-the-mill loss of control cases into uninsured motorist cases. However, here there is no allegation of fraud by the DeHarts. Additionally, if the unidentified vehicle made contact with the Brewer vehicle, this is not a single vehicle accident arising solely from Wendy's loss of control of her vehicle. If the unidentified vehicle made contact, albeit with the Brewer vehicle, concern about a fraudulent claim is eliminated.

¶ 16. We also agree with the DeHarts that coverage is supported by the public policy of compensating an injured person who is the victim of an uninsured motorist's negligence to the same extent as if the uninsured motorist was insured. *See id.*, ¶ 26. Our conclusion that coverage applies if there was contact between the unidentified vehicle and the Brewer vehicle allows the DeHarts to recover their damages to the same extent as if the driver whose negligence started the chain of events was identified and insured.

¶ 17.   Because we conclude that uninsured motorist coverage is mandated under the circumstances as alleged by the DeHarts, a genuine issue of material fact remains as to whether the unidentified vehicle made physical contact with the Brewer vehicle. Therefore, summary judgment is inappropriate.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.