Wendy S. DeHart and Gary C. DeHart,
Plaintiffs-Appellants,

v.

Wisconsin Mutual Insurance Company,
Defendant-Respondent-Petitioner,

Medical Benefits Administrators,
Subrogated Defendant.

Supreme Court

*No. 2005AP2962–FT. Oral argument March 2, 2007.
—Decided July 10, 2007.*

2007 WI 91

(Also reported in 734 N.W.2d 394.)

566

For the defendant-respondent-petitioner there were briefs by *Randall Skiles* and *Skiles Law Office,* Madison, and oral argument by *Randall M. Skiles.*

For the plaintiffs-appellants there was a brief by *Lance Trollop* and *Bremer & Trollop Law Offices, S.C.,* Wausau, and oral argument by *Lance Trollop.*

¶ 1. PATIENCE DRAKE ROGGENSACK, J. This is a review of a decision of the court of appeals that reversed and remanded the circuit court's summary judgment[1] concluding that the motor vehicle insurance policy provided to Wendy and Gary DeHart (the De-Harts) by Wisconsin Mutual Insurance Company (Wis-

---

[1] Judgment of the Circuit Court for Langlade County, Judge Robert Kennedy, Jr. presided.

consin Mutual) did not provide uninsured motorist (UM) coverage for Wendy's automobile accident. The court of appeals decided that the physical contact element of a "hit-and-run accident" under Wis. Stat. § 632.32(4)(a)2.b. (2005–06)[2] was met and the statute mandates UM coverage if the unidentified motor vehicle struck another vehicle before forcing Wendy's vehicle off the road. *DeHart v. Wis. Mut. Ins. Co.*, 2006 WI App 129, ¶¶ 1, 16, 294 Wis. 2d 387, 719 N.W.2d 518. Since the court of appeals also concluded there was a genuine issue of material fact as to whether the unidentified vehicle actually made physical contact with the other vehicle, it remanded the cause to the circuit court for further proceedings. *Id.*, ¶ 17.

¶ 2. We conclude that the physical contact element for a "hit-and-run accident" under Wis. Stat. § 632.32(4)(a)2.b. requires: (1) a "hit" by the unidentified motor vehicle, or part thereof, and (2) a "hit" to the insured's vehicle by another vehicle or part thereof, but not necessarily by the unidentified vehicle. Since Wendy's vehicle was not "hit," § 632.32(4)(a)2.b. does not mandate UM coverage in this case. Accordingly, we reverse the court of appeals.

## I. BACKGROUND

¶ 3. Wendy was involved in an automobile accident on a two-lane highway in Langlade County, Wisconsin, on December 6, 2000. Wendy's vehicle was following vehicles driven by Donna Brewer and Charlotte Ellwitz. An unidentified vehicle, which was traveling toward Wendy and the other vehicles, crossed the center line and proceeded toward Brewer's vehicle. The

---

[2] All subsequent references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

DeHarts contend that the unidentified vehicle hit Brewer's vehicle, striking off the driver's side mirror. However, Wisconsin Mutual disagrees and argues that Brewer is not positive that the mirror was struck off by the unidentified vehicle. In any event, the unidentified vehicle continued to travel in the oncoming lane of traffic toward Ellwitz's vehicle, forcing Ellwitz to pull over and nearly stop, and then continued toward Wendy's vehicle, forcing Wendy to lose control of her vehicle and travel off the road. The unidentified vehicle did not make physical contact with Wendy's vehicle, nor did any other vehicle. The unidentified vehicle then left the scene and positive identification of the vehicle or its driver has never been made.

¶ 4. Since identification of the driver of the unidentified vehicle could not be made, the DeHarts filed a lawsuit in Langlade County against their insurer, Wisconsin Mutual, seeking UM benefits under their own policy[3] for damages caused by the unidentified vehicle.[4] Wisconsin Mutual moved for summary judgment, contending that there was no coverage because no vehicle struck Wendy's vehicle. The circuit court granted summary judgment, denying UM coverage for Wendy's accident and dismissing the DeHarts' complaint.

¶ 5. The DeHarts appealed, arguing that because the unidentified motor vehicle struck Brewer's vehicle

---

[3] The Wisconsin Mutual policy defines an uninsured motor vehicle as including "[a] hit-and-run vehicle whose operator or owner is unknown and which strikes: (i) you or a relative, (ii) a vehicle which you or a relative are occupying, or (iii) your insured car." Wisconsin Mutual policy, part C, section (2)(c).

[4] Damages alleged in the Complaint included, in part, money damages for medical expenses for Wendy DeHart's injuries and for the loss of her services, society, and companionship.

and then forced Wendy's vehicle off the road, it is an unidentified motor vehicle involved in a hit-and-run accident under Wis. Stat. § 632.32(4)(a)2.b. Therefore, the statute mandates coverage. The court of appeals recognized that "Wisconsin courts have consistently concluded the term 'hit-and-run' is unambiguous and includes a physical contact element." *DeHart*, 294 Wis. 2d 387, ¶ 5. Therefore, the court of appeals interpreted § 632.32(4)(a)2.b. to mandate coverage in this case if the unidentified motor vehicle actually made physical contact with Brewer's vehicle. *Id.*, ¶ 14. Since the court of appeals concluded that a genuine issue of material fact remained as to whether the unidentified vehicle did so, the court of appeals remanded for further proceedings. *Id.*, ¶¶ 6, 17.

¶ 6. We granted Wisconsin Mutual's petition to review the decision of the court of appeals.

## II. DISCUSSION

### A. Standard of Review

¶ 7. We review a grant of summary judgment independently, applying the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). In determining whether summary judgment should be granted, we view the facts in the light most favorable to the non-moving party. *Kraemer Bros., Inc. v. United States Fire Ins. Co.*, 89 Wis. 2d 555, 567, 278 N.W.2d 857 (1979) (citing *Adickes v. Kress & Co.*, 398 U.S. 144, 157–58 (1970)).

¶ 8. To determine whether summary judgment is appropriate in this case, we interpret Wis. Stat.

§ 632.32(4)(a)2.b. The interpretation of a statute is a question of law that we review independently, "but benefiting from the analyses of the court of appeals and the circuit court." *Marder v. Bd. of Regents of the Univ.* *of Wis. Sys.*, 2005 WI 159, ¶ 19, 286 Wis. 2d 252, 706 N.W.2d 110.

B. Uninsured Motorist Coverage

■

¶ 9. Wendy's accident may be covered by the Wisconsin Mutual policy if the policy language requires coverage or if Wis. Stat. § 632.32 requires coverage. Coverage not included in an insurance contract may be "compelled and enforced as though a part thereof where the inclusion of such coverage is required by a properly enacted statute." *Progressive N. Ins. Co. v. Romanshek,* 2005 WI 67, ¶ 13, 281 Wis. 2d 300, 697 N.W.2d 417 (quoting *Amidzich v. Charter Oak Fire Ins. Co.,* 44 Wis. 2d 45, 53, 170 N.W.2d 813 (1969)); *see also Wegner* *v. Heritage Mut. Ins. Co.,* 173 Wis. 2d 118, 124, 496 N.W.2d 140 (Ct. App. 1992) ("Every policy of auto insurance issued in Wisconsin must provide at least as much protection as the statute, although insurers may broaden the coverage.").

¶ 10. In this case, the DeHarts concede that Wendy's accident is not covered by the policy language, which requires the unidentified vehicle to strike the insured, the insured's vehicle, or a vehicle in which the insured is an occupant. Therefore, the question we must decide is not the proper construction of the policy language, but what the statute requires. As such, "the reasonable expectation of the insured regarding the language of the policy is not relevant to our analysis."

*Romanshek,* 281 Wis. 2d 300, ¶ 13 (quoting *Smith v. Gen. Cas. Ins. Co.,* 2000 WI 127, ¶ 27, 239 Wis. 2d 646, 619 N.W.2d 882).

¶ 11. Wisconsin Stat. § 632.32(1) requires every policy of insurance issued or delivered in Wisconsin to contain certain provisions.[5] One of the mandatory provisions is UM coverage under § 632.32(4)(a), which provides:

> 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, in limits of at least $25,000 per person and $50,000 per accident.

> 2. In this paragraph "uninsured motor vehicle" also includes:

> . . .

> b. *An unidentified motor vehicle involved in a hit-and-run accident.*

Wis. Stat. § 632.32(4)(a) (emphasis added).

C. Wisconsin Stat. § 632.32(4)(a)2.b.

¶ 12. In this case, we interpret Wis. Stat. § 632.32(4)(a)2.b. to determine whether coverage for Wendy's accident is mandated. "[T]he purpose of statutory interpretation is to determine what the statute

---

[5] Wisconsin Stat. § 632.32(1) states: "Except as otherwise provided, this section applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle, whether the loss or damage is to property or to a person."

means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Cir. Ct. for Dane County,* 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. "[S]tatutory interpretation 'begins with the language of the statute.'" *Id.,* ¶ 45 (quoting *Seider v. O'Connell,* 2000 WI 76, ¶ 43, 236 Wis. 2d 211, 612 N.W.2d 659). If the words of a statute have a plain meaning, we ordinarily stop our inquiry and apply the words chosen by the legislature. *Id.* The statutory language is given its common and ordinary meaning unless there are technical or specially-defined words or phrases. *Id.* "[A] statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more senses." *Id.,* ¶ 47. If a statute is ambiguous, the court may examine extrinsic sources, such as legislative history. *Id.,* ¶ 48. The court may also consult legislative history "to confirm or verify a plain-meaning interpretation." *Id.* ¶ 51.

¶ 13. We have interpreted Wis. Stat. § 632.32(4)(a)2.b. in prior cases and recently reaffirmed our 20–plus years of precedent establishing that the phrase "hit-and-run accident" is unambiguous and includes a physical contact element. *Romanshek,* 281 Wis. 2d 300, ¶¶ 20, 31 (citing *Smith,* 239 Wis. 2d 646, ¶ 11; *Hayne v. Progressive N. Ins. Co.,* 115 Wis. 2d 68, 74, 339 N.W.2d 588 (1983)).[6] We quoted *Hayne,* our first case interpreting § 632.32(4)(a)2.b., as follows:

---

[6] Wisconsin Stat. § 632.32(4)(a)2.b. also requires an unidentified motor vehicle and that the unidentified motor vehicle runs from the scene of the accident. *Progressive N. Ins. Co. v. Romanshek,* 2005 WI 67, ¶ 31, 281 Wis. 2d 300, 697 N.W.2d 417 (citing *Smith v. Gen. Cas. Ins. Co.,* 2000 WI 127, ¶ 10, 239 Wis. 2d 646, 619 N.W.2d 882). In the case before us, these elements are not at issue.

573

[T]he statutory language of sec. 632.32(4)(a)2.b., Stats., is unambiguous. We therefore arrive at the legislature's intent by according the language its common and accepted meaning. As previously noted, the common and accepted meaning of the term "hit-and-run" includes an element of physical contact. Section 632.32(4)(a)2.b. mandates coverage only for "*hit-and-run*" accidents involving an unidentified motor vehicle. The clear statutory language of sec. 632.32(4)(a)2.b. reflects a legislative intent that the statute apply only to accidents in which there has been physical contact.

*Id.*, ¶ 20 (quoting *Hayne*, 115 Wis. 2d at 74).

¶ 14. The issue in this case is not whether Wis. Stat. § 632.32(4)(a)2.b. requires physical contact, but rather, what that requirement entails. Summary judgment may be granted to Wisconsin Mutual if the facts, viewed in the light most favorable to the DeHarts, do not meet the physical contact requirement for a "hit-and-run accident" under § 632.32(4)(a)2.b. The facts viewed in the light most favorable to the DeHarts are that an unidentified vehicle crossed the center line, hit Brewer's vehicle and then continued to travel in the oncoming lane of traffic, forcing Wendy to lose control of her vehicle and travel off the road. Under this factual scenario the unidentified vehicle "hit" another vehicle; therefore, the issue we face is whether the phrase "hit-and-run accident" in § 632.32(4)(a)2.b. requires a "hit" to the insured vehicle.[7]

---

[7] The DeHarts contend that based on the plain language of Wis. Stat. § 632.32(4)(a)2.b. the term "hit-and-run" requires a "hit" only by the unidentified vehicle and not a "hit" to the insured vehicle. The statute refers to "[a]n unidentified motor vehicle involved in a hit-and-run accident." § 632.32(4)(a)2.b. We do not believe the phrase "hit-and-run accident" is so limited

¶ 15. Although we have established that the term "hit-and-run" unambiguously includes an element of physical contact, we recognize that Wis. Stat. § 632.32(4)(a)2.b. does not specifically define "hit-and-run." The Legislative Council Note in § 632.32, ch. 102, Laws of 1979, adopted by the legislature, explains the legislative intent for not including a definition for "hit-and-run" by stating: "A precise definition of hit-and-run is not necessary for in the rare case where a question arises the court can draw the line." Accordingly, the term "hit-and-run" has been construed on a case-by-case basis. *Smith*, 239 Wis. 2d 646, ¶ 13. Prior decisions explaining and interpreting the physical contact requirement are instructive to our determination in this case.

¶ 16. The first case in which we interpreted Wis. Stat. § 632.32(4)(a)2.b. and established that the statute requires physical contact was *Hayne*, 115 Wis. 2d at 69. In *Hayne*, "[t]he sole issue on appeal [was] whether sec. 632.32(4)(a)2.b., Stats., requires uninsured motorist coverage for an accident involving an insured's vehicle and an unidentified motor vehicle when there was no physical contact between the two vehicles." *Id.* The insured swerved to avoid an oncoming vehicle, lost control of his vehicle, and the vehicle overturned. *Id.* There was no physical contact between the insured's vehicle and the unidentified vehicle. *Id.* We held that the insured's accident was not covered under § 632.32(4)(a)2.b. because, after examining dictionary definitions of "hit-and-run," we concluded that the common and accepted meaning of the statutory language unambiguously included an element of physical contact that was not met where the vehicles did not

in this context based on our interpretation of the language in our cases discussed later in this opinion.

make physical contact. *Id.* at 73–74. We further explained what physical contact means by stating that "the plain meaning of the phrase 'physical contact' is apparent and requires a hit or touching between the vehicles." *Id.* at 78.

¶ 17. While we did not need to resort to legislative history because we concluded the statute was unambiguous on its face, we noted that the statutory history supported our conclusion that the statute did not provide coverage when there was no physical contact between the vehicles. *Id.* at 76. Prior to the enactment of Wis. Stat. § 632.32(4)(a)2.b., UM coverage was provided under Wis. Stat. § 204.30(5) (Supp. 1965), but did not include a provision for uninsured motor vehicles involved in hit-and-run accidents. *Id.* at 77–78.[8] In *Amidzich,* a case decided prior to the enactment of

[8] Wisconsin Stat. § 204.30(5)(a) and (b) (Supp. 1965) stated, in relevant part:

(5) Uninsured motorists coverage. (a) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death in the amount of $10,000 per person and $20,000 per accident under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. The named insured has the right to reject such coverage . . . .

(b) For purposes of this coverage, 'uninsured motor vehicle' includes an insured motor vehicle if before or after the accident the liability insurer of the motor vehicle is declared insolvent by a court of competent jurisdiction.

§ 632.32(4)(a)2.b. that involved an accident similar to *Hayne* where there was no striking or actual collision, we denied UM coverage under the terms of the policy because the definition of "hit-and-run" required physical contact. *Amidzich,* 44 Wis. 2d at 50.[9] We concluded the phrase "physical contact" plainly meant that "there be an actual striking between the 'hit-and-run automobile' and the insured's vehicle, at least in a situation where only two vehicles are involved." *Id.* at 51. However, we noted that "[p]ersuasive arguments could be made that statutory requirements to afford coverage to the plaintiff should be provided. The present statute [sec. 204.30(5)], however, does not require such coverage." *Id.* at 54.

¶ 18. Subsequent to our decision in *Amidzich,* the legislature created Wis. Stat. § 632.32(4)(a)2.b. to include "[a]n unidentified motor vehicle involved in a hit-and-run accident" as an uninsured motor vehicle. *Hayne,* 115 Wis. 2d at 82 (citing ch. 102, sec. 171, Laws of 1979). We explained that the legislature was presumed to have acted with full knowledge of our interpretation of "hit-and-run" in *Amidzich,* which required physical contact. *Id.* at 84 (citing *Glinski v. Sheldon,* 88 Wis. 2d 509, 519–20, 276 N.W.2d 815 (1979)). Therefore, we concluded that the legislature was aware that most insurance policies with the term "hit-and-run" required an element of physical contact and if the legislature had wanted to change that provision it could have done so,

---

[9] In *Amidzich,* we were interpreting the automobile liability policy language, which defined a "hit-and-run automobile" as "an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident." *Amidzich v. Charter Oak Fire Ins. Co.,* 44 Wis. 2d 45, 50, 170 N.W.2d 813 (1969).

but it did not. *Id.* We stated that the legislature had a choice between two policies: (1) "define uninsured motor vehicle to include an unidentified motor vehicle involved in an accident, regardless of whether physical contact occurred;" or (2) "define uninsured motor vehicle to include an unidentified motor vehicle involved in a 'hit-and-run' accident." *Id.* Since the legislature chose the latter, physical contact is required by § 632.32(4)(a)2.b. *Id.*

¶ 19. In *Hayne,* we rejected the insured's argument that the term "hit-and-run" should include "miss-and-run" accidents because other jurisdictions had concluded that their UM statutes did not "connote physical contact." *Id.* at 75. We noted that in other states, statutes impose "a duty on a driver involved in an accident to stop, provide certain information, and render aid." *Id.* However, Wisconsin's version of these statutes is entitled "Duty upon *striking* person or attended or occupied vehicle." *Id.* (quoting Wis. Stat. § 346.67 (1981–82)). We quoted § 346.67(1)(a) (1981–82), which stated, in part: "he shall give his name, address and the registration number of the vehicle he is driving to the person *struck* . . . ." *Id.* Therefore, we concluded that "[t]he reference to 'striking' in sec. 346.67 supports our conclusion that the plain meaning of 'hit-and-run' in sec. 632.32(4)(a)2.b. includes a physical contact element." *Id.*

¶ 20. The dissent in *Hayne* argued that several policy arguments supported including miss-and-run accidents within the term "hit-and-run accidents" under Wis. Stat. § 632.32(4)(a)2.b. *Id.* at 93–95 (Abrahamson, J., dissenting). The majority recognized the policy arguments favoring UM coverage, but concluded it could not "change the wording of a statute by liberal construction to mean something that the legislature did not

intend, or that the plain language of the statute will not support. The legislature can, if it so desires, amend the uninsured motorist statute to reflect those policy arguments." *Id.* at 85 n.11 (citation omitted).

¶ 21. After our decision in *Hayne,* the court of appeals decided *Wegner,* where three vehicles were traveling southbound on a highway that had three lanes and each vehicle was traveling in a different lane. *Wegner,* 173 Wis. 2d at 121. The car in the far left lane suddenly swerved into the path of the van traveling in the middle lane, causing the van to swerve into the far right lane where the Wegners were traveling. *Id.* The Wegners were forced off the highway and struck a railroad crossing tower. *Id.* The unidentified motor vehicle did not make physical contact with any other vehicle. *Id.* However, there was a factual dispute regarding whether the van, whose driver was identified, struck the Wegners' car. *Id.*

¶ 22. The court of appeals, relying on our decision in *Hayne,* concluded that coverage was not provided under the UM insurance laws because the unidentified motor vehicle did not actually "hit" another vehicle. *Id.* at 120, 125–27. The court stated that "the only reasonable reading of the statute is that the unidentified vehicle must be involved with the physical contact. This reading would preserve the justification for the physical contact requirement, *i.e.,* the prevention of fraudulent claims." *Id.* at 127.

¶ 23. We once again interpreted Wis. Stat. § 632.32(4)(a)2.b. in *Smith,* where the insured was driving his vehicle in the right lane of the interstate. *Smith,* 239 Wis. 2d 646, ¶ 3. A tractor-double trailer, driven in the middle lane by an identified driver, was struck on the left side by an unidentified vehicle, forcing the tractor-trailer to the right and into the

insured's vehicle. *Id.* We concluded that when an unidentified vehicle strikes a second vehicle, which in turn is propelled into the insured's vehicle, the physical contact requirement of "hit-and-run" is satisfied. *Id.,* ¶ 2. We examined the plain language of § 632.32(4)(a)2.b. and noted the following:

> Wisconsin Stat. § 632.32(4)(a)2.b. defines an uninsured motor vehicle as "an unidentified" vehicle "involved in a hit and run accident." The use of the word "involved" does not strike us as a word that should be narrowly applied only to a hit-and-run accident involving a direct hit to the insured vehicle. Here, the unidentified vehicle was clearly "involved": it precipitated the accident through contact with the intermediate vehicle.

*Id.,* ¶ 12.

¶ 24. We relied on *Hayne, Amidzich,* and *Wegner,* which we classified as the cases in the "miss-and-run series," to explain the physical contact requirement. *Id.,* ¶¶ 15–21. However, we distinguished those cases because in *Smith,* "the unidentified vehicle had contact with the intermediate vehicle, *which in turn had contact with the insured vehicle." Id.,* ¶ 21 (emphasis added). Therefore, we concluded that the miss-and-run cases did not foreclose an interpretation of Wis. Stat. § 632.32(4) that mandated coverage because, unlike miss-and-run accidents, the insured's vehicle was actually hit by another vehicle involved in a chain-reaction type of collision. *Id.*

¶ 25. We also relied on another series of cases involving flying objects or auto parts to consider whether the physical contact element was satisfied. *Id.,* ¶¶ 22–27 (citing *Theis v. Midwest Sec. Ins. Co.,* 2000 WI 15, 232 Wis. 2d 749, 606 N.W.2d 162, and *Dehnel v. State Farm Mut. Auto. Ins. Co.,* 231 Wis. 2d 14, 604

N.W.2d 575 (Ct. App. 1999)). In *Dehnel,* a chunk of ice fell off an unidentified semi-trailer and broke the insured's windshield, which caused injury to the driver. *Dehnel,* 231 Wis. 2d at 15. The court of appeals interpreted the physical contact requirement under Wis. Stat. § 632.32(4)(a)2.b. to mean a " 'touching between the vehicles.' " *Id.* at 22 (quoting *Hayne,* 115 Wis. 2d at 78). Since the vehicles did not touch, the court concluded insurance coverage was not mandated by the statute. *Id.*

¶ 26. However, we distinguished *Dehnel* in another flying object case, where an insured's vehicle was struck by a leaf spring, a part of a semi-tractor, which was propelled by a passing unidentified semi-tractor through the insured's windshield, injuring the plaintiff. *Theis,* 232 Wis. 2d 749, ¶¶ 4–5. It was not clear whether the spring came off of the passing semi-tractor or came off of another unidentified vehicle and was then propelled by the passing unidentified semi-tractor. *Id.* We distinguished *Dehnel* on the basis that in *Theis,* "a piece detached from an unidentified motor vehicle was propelled into the plaintiff's motor vehicle by an unidentified motor vehicle." *Id.,* ¶ 25. We further explained that "Wisconsin cases have interpreted the hit-and-run provision of Wis. Stat. § 632.32(4) to require physical contact between an insured's motor vehicle and an unidentified vehicle, they have not interpreted the statute to negate 'physical contact' between the insured's motor vehicle and a part of an unidentified motor vehicle." *Id.,* ¶ 26. We ultimately concluded that mandating coverage for this type of accident was consistent with the purposes of § 632.32, which include preventing fraud and compensating an injured person who is the victim of an uninsured

motorist's negligence to the same extent as if the uninsured motorist were insured. *Id.,* ¶¶ 28–31.

¶ 27. In analyzing whether the chain-reaction type of collision in *Smith* met the physical contact requirement, we recognized that our decision in *Theis* was a "consideration of the public policy issues undergirding [uninsured] motorist coverage." *Smith,* 239 Wis. 2d 646, ¶ 24. We decided the same method of analysis was applicable in *Smith* as we had used in *Theis. Id.,* ¶ 25. We then concluded that the policy concern underlying the physical contact element, to prevent fraudulent claims from being brought by insured drivers who are involved in an accident of their own making, was satisfied where the unidentified motor vehicle hit an intermediate vehicle, which in turn hit the insured's vehicle. *Id.* (citing *Theis,* 232 Wis. 2d 749, ¶ 30 n.10). Likewise, the second policy concern, " 'to compensate an injured person who is the victim of an uninsured motorist's negligence to the same extent as if the uninsured motorist were insured,' " was also satisfied by a chain-reaction type of collision. *Id.,* ¶ 26 (quoting *Theis,* 232 Wis. 2d 749, ¶ 28).[10] Therefore, based on the language of the statute and the public policy concerns, we concluded the chain-reaction collision met the physical contact requirement for a "hit-

---

[10] The final public policy issue we discussed was "honoring the reasonable coverage expectations of the insured." *Smith v. Gen. Cas. Ins. Co.,* 2000 WI 127, ¶ 27, 239 Wis. 2d 646, 619 N.W.2d 882. However, as we already noted, the reasonable expectation of the insured is applied only when the language of the insurance policy is interpreted and is not relevant to an analysis of Wis. Stat. § 632.32(4)(a)2.b. *Id.* (citing *Kremers-Urban Co. v. Am. Employers Ins.,* 119 Wis. 2d 722, 735, 351 N.W.2d 156 (1984)).

and-run" and coverage was mandated under Wis. Stat. § 632.32(4)(a)2.b. *Id.*, ¶ 28.

¶ 28. As stated above, we most recently reaffirmed and discussed the physical contact element under Wis. Stat. § 632.32(4)(a)2.b. in *Romanshek*, which involved an accident where an unidentified vehicle turned in front of the insured's motorcycle causing the insured to lose control of the motorcycle, fall to the ground and suffer injuries. *Romanshek*, 281 Wis. 2d 300, ¶ 3. There was no physical contact between the unidentified vehicle, or any part thereof, and the insured's motorcycle. *Id.* However, the insured argued that our decision in *Hayne* requiring physical contact under § 632.32(4)(a)2.b. "has been eroded to the point that it has no meaning," and therefore, it should be abandoned. *Id.*, ¶¶ 5, 11. After reviewing Wisconsin case law, we rejected this argument because we have consistently adhered to the interpretation of § 632.32(4)(a)2.b. that requires physical contact. *Id.*, ¶ 35. Furthermore, we recognized that "[t]he cases in which we found that UM coverage was mandated by § 632.32(4)(a)2.b. all involved circumstances where an unidentified vehicle, or part thereof, made contact with the insured's vehicle or where an unidentified vehicle was 'involved' in an accident in which there was physical contact." *Id.*, ¶ 39.

¶ 29. The insured also argued that we should abandon our holding in *Hayne* requiring physical contact because a majority of other states hold that physical contact "is an impermissible limitation on uninsured or unknown motorist statutes and is against public policy." *Id.*, ¶ 40 (citation omitted). We rejected that argument, emphasizing that we are bound by our own precedent. *Id.*, ¶ 41. We also explained that "stare decisis is particularly controlling where the legal rule

583

impacts contractual relationships and has been relied upon by industry" and "where a court has authoritatively interpreted a statute because the legislature remains free to alter its construction," such as in this case. *Id.*, ¶¶ 44–45 (citations omitted). We also recognized that other states had rejected the physical contact requirement when we established that requirement in *Hayne. Id.*, ¶ 49. As such, we concluded that the insured did not meet his burden to provide "sufficient justification to overturn 20 years of jurisprudence construing a statute." *Id.*, ¶ 46.

¶ 30. We also concluded that the doctrine of legislative acquiescence was applicable because we had explained to the legislature how to alter the statute to mandate coverage for miss-and-run accidents if it chose to do so. However, the legislature has not amended the statute. *Id.*, ¶¶ 56–57. In addition, we rejected the insured's argument that requiring physical contact was contrary to the legislative intent of Wis. Stat. § 632.32(4)(a)2.b. *Id.*, ¶ 59. We stated that "the physical contact requirement derives from the plain meaning of the term 'hit-and-run' in § 632.32(4)(a)2.b., it cannot contravene the legislative intent; it *is* the legislative intent." *Id.*

¶ 31. The insured's final argument was that because the insurer conceded that the insured was not attempting fraud, the sole reason for the physical contact requirement, the rule should not apply. *Id.*, ¶ 61. We rejected this argument because:

> While this court may mold and develop common-law doctrines to best effectuate the purpose for which they were designed, when applying statutes we do not carve out exceptions to a clear, unambiguous provision anytime a party argues that a particular result does not

comport with what they assert to be the subjective intentions of the legislators in enacting the overall statutory scheme.

*Id.,* ¶ 63. Therefore, we reaffirmed that the phrase "hit-and-run" in Wis. Stat. § 632.32(4)(a)2.b. requires physical contact and does not mandate coverage for miss-and-run accidents. *Id.,* ¶ 66.

¶ 32. Based on our review of Wisconsin case law, we conclude that for an accident to meet the physical contact element of a "hit-and-run" under Wis. Stat. § 632.32(4)(a)2.b., there must be both (1) a "hit" by the unidentified vehicle, or part thereof, and (2) a "hit" to the insured by another vehicle or part thereof, but not necessarily by the unidentified vehicle.[11] There is no precedent for coverage under § 632.32(4)(a)2.b. without both a "hit" by an unidentified vehicle, or part thereof, and a "hit" to the insured vehicle.[12] As we discussed in *Romanshek,* we are bound by our own precedent. *Id.,* ¶ 41.

¶ 33. We have interpreted the physical contact element to require a "touching between the vehicles." *Hayne,* 115 Wis. 2d at 78; *see also, Dehnel,* 231 Wis. 2d at 15. The requirement that there be a "hit" by the unidentified vehicle was emphasized by the court of

---

[11] Accordingly, if the insured's vehicle hit a culvert or another object, but did not make contact with another vehicle or part thereof, coverage is not required by § 632.32(4)(a)2.b.

[12] We recognized in *Romanshek* that "[t]he cases in which we found that UM coverage was mandated by § 632.32(4)(a)2.b. all involved circumstances where an unidentified vehicle, or part thereof, made contact with the insured's vehicle or where an unidentified vehicle was 'involved' in an accident in which there was physical contact." *Romanshek,* 281 Wis. 2d 300, ¶ 39.

appeals in *Wegner,* and is an assumed fact for purposes of summary judgment in the case before us. We have also focused on the requirement that there be a "hit" to the insured's vehicle in prior cases, although that "hit" need not be by the unidentified vehicle. *Smith,* 239 Wis. 2d 646, ¶ 21 (distinguishing its conclusion from miss-and-run cases because the insured's vehicle was actually hit by an intermediate vehicle).

¶ 34. Similar to the facts of the chain-reaction collision in *Smith,* in this case, for purposes of summary judgment, we assume the unidentified vehicle "hit" a third vehicle. The DeHarts argue that since we held that contact between an unidentified vehicle and a third vehicle satisfies the physical contact element in *Smith,* we should also mandate coverage in this case. However, we disagree with the DeHarts' contention because in *Smith,* we focused on the fact that there was a "hit" to the insured's vehicle. *Smith,* 239 Wis. 2d 646, ¶ 8. As we discussed above, *Smith* was distinguished from "miss-and-run" cases, where coverage is not mandated, on the basis that "the unidentified vehicle had contact with the intermediate vehicle, *which in turn had contact with the insured vehicle." Id.* at ¶ 21 (emphasis added). Therefore, the facts in this case do not meet the physical contact element of a "hit-and-run" as discussed in *Smith* because there was no "hit" to Wendy's vehicle.

¶ 35. Wendy's vehicle was not involved in a hit-and-run accident, but rather a type of miss-and-run accident, which we have established does not mandate coverage under Wis. Stat. § 632.32(4)(a)2.b. *See Hayne,* 115 Wis. 2d at 75; *Romanshek,* 281 Wis. 2d 300, ¶ 35. We recognize that in this case we are assuming that the unidentified vehicle made physical contact with an-

586

other vehicle, and therefore, the unidentified vehicle did not "miss" hitting another vehicle altogether. However, like the insureds' vehicles in the miss-and-run cases, Wendy's vehicle was forced off the road by the unidentified vehicle, but was not "hit" by the unidentified vehicle, any part thereof, or another vehicle. Therefore, like *Hayne* and *Romanshek*, the physical contact element of a "hit-and-run accident" under § 632.32(4)(a)2.b. is not met and UM coverage is not mandated.

■

¶ 36. We also conclude that the public policy concern to prevent fraud is supported by our interpretation of Wis. Stat. § 632.32(4)(a)2.b. The purpose of the physical contact element is to prevent fraudulent claims from being brought by insured drivers who are involved in an accident of their own making. *Smith,* 239 Wis. 2d 646, ¶ 25; *Theis,* 232 Wis. 2d 749, ¶ 30 ("[T]he purpose for interpreting a 'hit-and-run accident' as requiring physical contact between the insured and the unidentified motor vehicle is to prevent a fraudulent claim about a . phantom motor vehicle when the insured's loss of control causes the accident.")

¶ 37. The DeHarts argue that since Wisconsin Mutual does not allege that Wendy is guilty of fraud, the purpose of the statute is satisfied without requiring a "hit" to Wendy's vehicle. We faced a similar argument in *Romanshek. Romanshek,* 281 Wis. 2d 300, ¶ 61. In *Romanshek,* the insured stated that the insurer conceded that he was not attempting to perpetrate a fraud and since the sole reason for the physical contact requirement was to avoid fraudulent claims, the rule should not apply. *Id.* We rejected that argument because "no change in the law is justified simply by a 'case. with more egregious facts.' " *Id.* (citations omitted). Accord-

ingly, our interpretation of Wis. Stat. § 632.32(4)(a)2.b. furthers the purpose to prevent fraud because even though fraud may not be an issue in this case, fraudulent claims by insureds will not be prevented in other cases if a "hit" to the insured vehicle is not required. There would be no way to confirm that the accident in which the insured vehicle was involved was due to an unidentified vehicle and not the insured's own fault.

¶ 38. The DeHarts also argue that coverage is supported by the public policy concern of compensating "an injured person who is the victim of an uninsured motorist's negligence to the same extent as if the uninsured motorist [was] insured." *Theis,* 232 Wis. 2d 749, ¶ 28; *see also Smith,* 239 Wis. 2d 646, ¶ 26. The court of appeals in this case stated that its "conclusion that coverage applies if there was contact between the unidentified vehicle and the Brewer vehicle allows the DeHarts to recover their damages to the same extent as if the driver whose negligence started the chain of events was identified and insured." *DeHart,* 294 Wis. 2d 387, ¶ 16.

¶ 39. As we have done in our past decisions, we again recognize that "[i]t may very well be good public policy to mandate UM coverage for an insured in a miss-and-run accident." *Romanshek,* 281 Wis. 2d 300, ¶ 65. We once again invite the legislature to amend Wis. Stat. § 632.32(4)(a)2.b. if it disagrees with our interpretation of the statute. *See Romanshek,* 281 Wis. 2d 300, ¶ 65. The legislature has amended another provision of the mandatory UM law, but "has not seen fit to make any change to § 632.32(4)(a)2.b. and overturn this court's interpretation of the phrase 'hit-and-run.' " *Id.,* ¶ 57 (citing 1995 Wis. Act 21, § 2, which amended § 632.32(4)(a)1.). Accordingly, we will continue to require the physical contact element of a

"hit-and-run accident" under § 632.32(4)(a)2.b., which we have interpreted as requiring both a "hit" by the unidentified vehicle, or part thereof, and a "hit" to the insured's vehicle by another vehicle or part thereof, although not necessarily by the unidentified vehicle.

## III. CONCLUSION

¶ 40. We conclude that the physical contact element for a "hit-and-run accident" under Wis. Stat. § 632.32(4)(a)2.b. requires: (1) a "hit" by the unidentified motor vehicle, or part thereof, and (2) a "hit" to the insured's vehicle by another vehicle or part thereof, but not necessarily by the unidentified vehicle. Since Wendy's vehicle was not "hit," § 632.32(4)(a)2.b. does not mandate UM coverage in this case. Accordingly, we reverse the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.

¶ 41. SHIRLEY S. ABRAHAMSON, C.J. (*dissenting*). The court is asked whether the policyholder, DeHart, is entitled to uninsured motorist insurance coverage, a question that requires statutory interpretation. The majority opinion fails to engage in proper statutory interpretation and fails to provide DeHart with the insurance protection to which she is statutorily entitled. For the reasons set forth, I dissent.

¶ 42. I first comment on the holdings of the majority opinion and then the text of Wis. Stat. § 632.32(4)(a). After that I discuss why the prior case law does not govern the instant case. Finally, I discuss the policy reasons supporting my interpretation of the statute.

589

¶ 43. The majority opinion's holding is stated in two different ways: In ¶¶ 2, 32, and 40 the majority opinion requires that there be a "*hit to*" the policyholder's vehicle. In contrast, the implication of note 12 in ¶ 32 is that if the policyholder's vehicle *makes contact with* another vehicle or part thereof, the policyholder may be covered under the uninsured motorist policy.

¶ 44. Suppose, for example, if after swerving to miss the unidentified motor vehicle that had struck a different vehicle's side view mirror, DeHart's vehicle had then struck another vehicle. There would be a "hit *by*" the unidentified motor vehicle and a "hit *by*" DeHart's vehicle, but no "hit *to*" DeHart's vehicle.

¶ 45. A hit *to* the policyholder's vehicle is different from a hit *by* the policyholder's vehicle. A hit *to* the policyholder's vehicle is different from the policyholder's vehicle *making contact* with another vehicle. The majority opinion does not address this significant distinction.

¶ 46. Furthermore, although *Smith v. General Casualty Insurance Co.,* 2000 WI 127, 239 Wis. 2d 646, 619 N.W.2d 882, upon which the majority opinion relies, involved a "hit to" the policyholder's vehicle, the text of *Smith* also speaks of an intermediate vehicle having "contact with" the policyholder's vehicle. Majority op., ¶ 34.

¶ 47. The minimum expectation for a decision of this court is that the holding be clear. Unfortunately, the decision of the court in the instant case does not meet that expectation.

II

¶ 48. I turn to the text of the statute. The text of Wis. Stat. § 632.32(4)(a) does not require either a hit to the policyholder's vehicle or contact between the

policyholder's vehicle and another vehicle. Wisconsin Stat. § 632.32(4)(a) mandates insurance coverage to a policyholder entitled to recover damages from an owner or operator of an uninsured motor vehicle. Subdivision (4)(a)2.b. includes in the definition of an uninsured motor vehicle "[a]n unidentified motor vehicle *involved in* a hit-and-run accident" (emphasis added). Consequently, the statute mandates insurance coverage to a policyholder entitled to recover damages from the operator of an unidentified motor vehicle involved in a hit-and-run accident.

¶ 49. Wisconsin Stat. § 632.32(4)(a)2. reads as follows:

> (4) Required Uninsured Motorist and Medical Payments Coverage. Every policy of insurance . . . that insures with respect to any motor vehicle . . . against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the . . . use of a motor vehicle shall contain therein . . . :
>
> (a) *Uninsured motorist.*
>
> 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, in limits of at least $25,000 per person and $50,000 per accident.
>
> 2. In this paragraph "uninsured motor vehicle" also includes:
>
> a. An insured motor vehicle if before or after the accident the liability insurer of the motor vehicle is declared insolvent by a court of competent jurisdiction.
>
> b. An unidentified motor vehicle involved in a hit-and-run accident.

591

¶ 50. The term "hit-and-run" in Wis. Stat. § 632.32(4)(a)2.b. acts as a qualifying phrase requiring the unidentified vehicle to come into physical contact with another vehicle. Nothing in subdivision (4)(a)2.b. of the statute suggests that the unidentified motor vehicle's contact has to be with the policyholder's vehicle. Indeed, nothing in subdivision (4)(a)2.b. requires a "hit" to the policyholder's vehicle at all, by any vehicle or part thereof, or contact between the policyholder's vehicle and another vehicle. Thus, according to the statute, the policyholder need not have a hit-and-run accident with the unidentified motor vehicle, or be hit by another vehicle or part thereof, or have contact with another vehicle. To be protected under Wis. Stat. § 632.32(4)(a), the policyholder need only be legally entitled to recover damages from the operator of an unidentified motor vehicle involved in a hit-and-run accident. Should the unidentified motor vehicle ever be identified, DeHart would be legally entitled to recover damages from the operator of this vehicle if she proved the facts she now asserts.

¶ 51. If the legislature wanted to require the unidentified vehicle to hit the policyholder's vehicle, it could have so stated. The legislature could have used language like that found in DeHart's insurance policy, which defines an uninsured motor vehicle as including "[a] hit-and-run vehicle whose operator or owner is unknown *and which strikes:* (i) you or a relative, (ii) a vehicle which you or a relative are occupying, or (iii) your insured car." Wisconsin Mutual policy, Part C, section (2)(c) (emphasis added).[1] Although the legisla-

---

[1] The parties, the majority opinion, and I agree that the specific language of DeHart's insurance policy does not provide coverage under the facts of this case. Coverage not included in

ture required a hit-and-run accident, it did not require a direct hit or strike to the policyholder or the policyholder's vehicle by the unidentified vehicle, another vehicle, or any part thereof, or contact between the policyholder's vehicle and any other vehicle.

¶ 52. DeHart alleges that her vehicle was forced off the road by an unidentified motor vehicle that had just struck another vehicle and was fleeing the accident scene.[2] DeHart asserts she suffered damages because of this unidentified motor vehicle that was involved in a hit-and-run accident.

¶ 53. Plain and simple, if the facts as alleged are true, DeHart suffered damages caused by the operator of the unidentified motor vehicle involved in a hit-and-run accident; the statute entitles her to recovery under uninsured motorist coverage.

## III

¶ 54. The majority opinion narrowly focuses on prior case law interpreting the statutory words "hit-and-run accident." Consequently, the majority opinion

an insurance contract may, however, be "compelled and enforced as though a part thereof where the inclusion of such coverage is required by a properly enacted statute." *Progressive N. Ins. Co. v. Romanshek,* 2005 WI 67, ¶ 13, 281 Wis. 2d 300, 697 N.W.2d 417 (quoted source omitted); majority op., ¶ 9.

The effect of the majority opinion at ¶ 18 (and its reliance on the legislative history set forth in *Hayne v. Progressive N. Ins. Co.,* 115 Wis. 2d 68, 76–85, 339 N.W.2d 588 (1983)) is to amend the statute to conform in large part to the insurance policy.

[2] The unidentified vehicle was still in the process of "running," given the alleged proximity between the hit and DeHart's vehicle. A different result might occur if DeHart's vehicle had been forced off the road by the unidentified vehicle miles away from the hit-and-run accident with a third party vehicle.

disregards the key statutory words, namely "involved in." The majority opinion loses sight of the fact that the policyholder suffered damages caused by "an unidentified motor vehicle involved in a hit-and-run accident."

¶ 55. Our prior cases focused on whether a hit-and-run accident had occurred.[3] This case is different. Unlike our prior hit-and-run cases, without question there was a hit-and-run accident in the present case. The hit-and-run accident was between the unidentified motor vehicle and the third-party vehicle whose side view mirror was damaged. Majority op., ¶ 13 n.6, ¶ 32.[4]

¶ 56. Similarly, the instant case does not fit into our prior "miss-and-run" cases. In those cases there was *no* "hit" by the unidentified motor vehicle (or any part thereof) with *any vehicle*.[5] In the present case, the unidentified motor vehicle hit a third-party vehicle whose side view mirror was damaged.

¶ 57. The majority opinion can be described as a miss-and-run decision, missing the legal issue pre-

---

[3] The legislature did not define "hit-and-run" for purposes of § 632.32(4)(a)2.b. The Legislative Council Note in § 632.32, ch. 102, Laws of 1979, adopted by the legislature, explains that "A precise definition of hit-and-run is not necessary for in the rare case where a question arises the court can draw the line." Accordingly, "hit-and-run" has been construed on a case-by-case basis. *Smith v. Gen. Cas. Ins. Co.*, 2000 WI 127, ¶ 13, 239 Wis. 2d 646, 619 N.W.2d 882; majority op., ¶ 15.

[4] Both the majority opinion and I accept for purposes of review that the unidentified motor vehicle struck a third party vehicle before forcing DeHart's vehicle off of the road. DeHart's insurance company, however, continues to dispute this fact.

[5] *See, e.g., Hayne v. Progressive N. Ins. Co.*, 115 Wis. 2d 68, 75, 339 N.W.2d 588 (1983); *Progressive N. Ins. Co. v. Romanshek*, 2005 WI 67, ¶ 35, 281 Wis. 2d 300, 697 N.W.2d 417.

sented by the facts of this case and running with a different legal issue. The majority opinion refuses to give meaning to the statutory language, in effect rendering the words "involved in" superfluous. I disagree with this approach.

¶ 58. This court recognized the importance of the words "involved in" in *Smith v. General Casualty Insurance Co.*, 2000 WI 127, 239 Wis. 2d 646, 619 N.W.2d 882. The court explained that "[t]he use of the word 'involved' does not strike us as a word that should be narrowly applied only to a hit-and-run accident involving a direct hit to the insured vehicle. Here, the unidentified vehicle was clearly 'involved': it precipitated the accident through contact with the intermediate vehicle." *Smith,* 239 Wis. 2d 646, ¶ 12. The *Smith* court clearly recognized that the statutory words "involved in" require an expansive interpretation. *Smith* equated the words "an unidentified motor vehicle is involved in a hit-and-run accident" with the words "an unidentified motor vehicle precipitated the accident through contact with the intermediate vehicle."

¶ 59. The *Smith* court concluded that the policyholder had been hit indirectly by the unidentified motor vehicle, and that it did not need to go any further in its analysis of the words "involved in." *Smith* is informative in providing guidance about the words "involved in" but does not provide an answer to the present case because the facts are dissimilar. The present case forces the court to address the issue that *Smith* left open.[6]

---

[6] Notably, language in *Progressive Northern Insurance Co. v. Romanshek,* 2005 WI 67, 281 Wis. 2d 300, 697 N.W.2d 417, a miss-and-run case, also leaves open the interpretation of Wis. Stat. § 632.32(4)(a)2.b. that would allow DeHart to recover uninsured motorist coverage under the circumstances of the present case. The *Romanshek* court explained that "[t]he cases

¶ 60. If the majority opinion were to examine the entire statutory text and not just the hit-and-run language, the majority opinion would conclude that the statutory language is clear: Uninsured motorist coverage is mandated when damage to the policyholder results from an unidentified vehicle "involved in" a hit-and-run accident. The majority opinion would further conclude that the present case fits the statutory requirements. DeHart's damage resulted from an unidentified vehicle that was "involved in" a hit-and-run accident.

¶ 61. I cannot join the majority opinion, which relies solely on cases that have interpreted and applied only the "hit-and-run" language in Wis. Stat. § 632.32(4)(a)2.b. These hit-and-run and miss-and-run cases unfortunately have encrusted the plain language of the statute, obstructing the majority's ability to see the language of the statute. The majority opinion claims it is following stare decisis. Majority op., ¶ 29. It is not. Rather, the majority opinion chokes the text of the statute with inapposite case law. Only by returning to the statutory text itself can this court engage in a

in which we found that UM [uninsured motorist] coverage was mandated by § 632.32(4)(a)2.b. all involved circumstances where an unidentified vehicle, or part thereof, made contact with the insured's vehicle *or where an unidentified vehicle was 'involved' in an accident in which there was physical contact.*" *Romanshek,* 281 Wis. 2d 300, ¶ 39 (emphasis added). Here, the unidentified vehicle was "involved" in an accident in which there was physical contact, which subsequently caused damage to DeHart. But the majority opinion at ¶¶ 28, 32 n.12, although twice quoting this text of *Romanshek,* is so fixated upon the interpretation of "hit-and-run" that it fails to recognize how, even under the precedent it claims it is bound to, DeHart is entitled to coverage.

proper interpretation of Wis. Stat. § 632.32(4)(a)2.b. that gives full effect and meaning to all of the words of the statute.

## IV

¶ 62. Wisconsin Stat. § 632.32(4)(a) has been, and should be, interpreted in light of the public policy concerns underlying the statute.

¶ 63. The underlying purpose of uninsured motorist coverage is to compensate "an injured person who is the victim of an uninsured motorist's negligence to the same extent as if the uninsured motorist were insured."[7] If the operator of the unidentified motor vehicle were insured, DeHart would have a good claim. By properly recognizing that the damage DeHart suffered stems directly from an unidentified motor vehicle involved in a hit-and-run accident, the court will accord DeHart the coverage the legislature mandated.

¶ 64. Furthermore, the court has declared that a "public policy concern . . . of primary relevance to our analysis" in uninsured motorist cases is "that of preventing fraud."[8] *See* majority op., ¶ 37.

¶ 65. Fraud is not a concern in the present case because there was a hit-and-run accident.[9] Witnesses exist and physical evidence should be available. The genuineness of DeHart's claim can be tested at trial,

---

[7] *Theis v. Midwest Security Ins. Co,* 2000 WI 15, ¶ 28, 232 Wis. 2d 749, 606 N.W.2d 162; *Smith v. Gen. Cas. Ins. Co.,* 2000 WI 127, ¶ 26, 239 Wis. 2d 646, 619 N.W.2d 882; majority op., ¶ 38.

[8] *Smith v. Gen. Cas. Ins. Co.,* 2000 WI 127, ¶ 25, 239 Wis. 2d 646, 619 N.W.2d 882.

[9] Wisconsin Mutual concedes DeHart is not making a fraudulent claim.

during which DeHart has the burden of proof. Preventing fraudulent claims based on "phantom" vehicles should not motivate the court's interpretation when an unidentified motor vehicle is "involved in a hit-and-run accident."

\* \* \* \*

¶ 66. On review of the text of Wis. Stat. § 632.32(4)(a)2.b., the facts of the instant case, prior case law, and the public policies underlying the statute, I conclude that DeHart is entitled to uninsured motorist coverage. When an unidentified vehicle strikes a vehicle and flees the hit-and-run accident scene, and another vehicle, like DeHart's, suffers damage as a result of the hit-and-run accident, the owner of the damaged vehicle (here DeHart) is entitled to uninsured motorist coverage pursuant to the clear language of § 632.32(4)(a)2.b. Neither a "hit to" the policyholder's vehicle by any vehicle or any part thereof nor contact between the policyholder's vehicle and another vehicle is statutorily required.

¶ 67. I would not, however, grant summary judgment to either party on the record before us. I agree with the court of appeals that material facts are in dispute, including whether the unidentified motor vehicle struck the side view mirror of the other vehicle and whether the hit-and-run accident caused DeHart's damage. I would therefore remand the cause to the circuit court for trial.

¶ 68. For the reasons set forth, I dissent.

¶ 69. I am authorized to state that Justices ANN WALSH BRADLEY and LOUIS B. BUTLER, JR. join this opinion.